**MEYNER AND LANDIS LLP**
Matthew P. Dolan, Esq.
New Jersey Attorney ID No.: 078222013
One Gateway Center, Suite 2500
Newark, New Jersey 07102
Phone: (973) 602-3478
Fax: (973) 624-0356
Email: MDolan@meyner.com
*Attorneys for Defendant*
*Holder Construction Group, LLC (improperly pled as d/b/a*
*Holder-Leeper JV)*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRIENDLY CHECK CASHING CORP, <br><br> Plaintiff, <br> v. <br><br> HOLDER CONSTRUCTION GROUP, LLC d/b/a HOLDER-LEEPER JV, and JOHN DOES 1 through 5 (presently unidentified persons and/or entities); <br><br> Defendants. | CIVIL ACTION NO: <br><br> Action Removed: ESX-L-005120-22 |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant Holder Construction Group, LLC (improperly pled as d/b/a Holder-Leeper JV) ("**Defendant**") by its undersigned counsel, hereby removes this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court, District of New Jersey, pursuant to 28 U.S.C §§ 1332, 1441 and 1446, based upon the following grounds:

## I. BACKGROUND

1. On or about August 30, 2022, Plaintiff Friendly Check Cashing Corp. ("**Plaintiff**") commenced this action against Defendant in the Superior Court of New Jersey, Law Division, Essex County, by the filing of a Summons and Complaint (the "**Complaint**"). The matter was docketed under New Jersey Superior Court docket ESX-L-005120-22 (the "**State Court Action**").

2. On or about September 15, 2022, Plaintiff filed an Amended Complaint against Defendant in the State Court Action.

3. The Complaint alleges that Plaintiff cashed a check issued from Defendant to a business entity identified as "Modernus Walls LLC" and presented to Plaintiff by an individual by the name of Kenneth J. Brown, Jr. who had presented himself as an authorized representative of Modernus Walls LLC.

4. The Complaint further alleges that after cashing the check, Defendant had placed a "stop payment order" on the check and thereafter failed to remit payment to Plaintiff.

5. The Complaint alleges that Defendant is liable to Plaintiff for damages incurred by Plaintiff in the amount of $168,507.90.

## II. JURISDICTION

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. As explained below there is complete diversity of citizenship as to the parties, Plaintiff and the Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Citizenship of the Parties

7. Plaintiff is and at all times relevant to the Complaint a New Jersey Corporation, duly licensed by the New Jersey Department of Banking and Insurance to provide check cashing

2

and other financial services, with its principal place of business located at 259 Broad Street, Newark, New Jersey 07104. Therefore, Plaintiff is deemed a citizen of New Jersey for purposes of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

8. The Defendant is and was at all times relevant to the Complaint a Georgia limited liability company with its principal place of business located at 3300 Riverwood Parkway #1200, Atlanta, GA 30339. None of the individual members of Defendant are New Jersey residents or citizens.

### B. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

9. Plaintiff alleges that Defendant is responsible for damages incurred by Plaintiff in the amount of "$168,507.90." (See Complaint at ¶¶ 4-15). Accordingly, the damages in this case of $168,507.90 satisfy the jurisdictional threshold.

### III. VENUE

10. Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey (Newark Vicinage) is the proper venue for removal of jurisdiction because it embraces the place where this action is pending.

### IV. TIMELINESS OF REMOVAL

11. Defendant was served with the Amended Complaint on September 22, 2022.

12. A true and correct copy of the Amended Complaint is attached hereto and filed herewith as "**Exhibit 1**", which constitutes all process and pleadings received by Defendant in connection with this matter.

13. The Defendant has not answered, moved, or otherwise responded to the Complaint.

14. This Notice of Removal is timely, having been filed within 30 days of Defendant's receipt of the Amended Complaint, and within one year of the date on which this action was filed.

## V. MISCELLANEOUS

15. Written notice of the filing of this Notice of Removal is being forwarded to Counsel for Plaintiff, Scott K. McClain, Esq., as well as the Clerk of the Court for the Superior Court of New Jersey, Law Division, Essex County, pursuant to 28 U.S.C. § 1446(d).

16. By filing this Notice of Removal, the Defendant does not waive any defense that may be available to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process and/or improper service of process.

**WHEREFORE**, Defendant hereby removes the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

DATED:  October 21, 2022                    Respectfully submitted,

**MEYNER AND LANDIS LLP**

_____
Matthew P. Dolan, Esq.

*Attorneys for Defendant*
*Holder Construction Group, LLC (improperly pled as d/b/a Holder-Leeper JV)*

1

Scott K. McClain (2903-1991)
**MERLE BROWN & NAKAMURA, PC**
**18 East 41st Street, Suite 1906**
**New York, NY  10017**
(212) 471-2990
(212) 471-2997 (fax)
*Attorneys for Plaintiff,*
*Friendly Check Cashing Corp.*

| | |
|---|---|
| FRIENDLY CHECK CASHING CORP., <br><br> Plaintiff, <br> v. <br><br> HOLDER CONSTRUCTION GROUP, LLC d/b/a HOLDER-LEEPER JV, and JOHN DOES 1 through 5 (presently unidentified persons and/or entities); <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY: LAW DIVISION <br><br> DOCKET NO. ESX - L - 005120-22 <br><br> Civil Action <br><br> **FIRST AMENDED COMPLAINT** |

Plaintiff Friendly Check Cashing Corp. ("FCCC"), maintaining a principal place of business at 259 Broad Street, Newark, New Jersey 07104, by way of Complaint against the defendant, Holder Construction Group, LLC d/b/a Holder-Leeper JV ("Defendant"), says:

### FIRST COUNT

**(UCC Claims:  Holder in Due Course and Stop Payment)**

1. Plaintiff Friendly Check Cashing Corp. is duly licensed by the New Jersey Department of Banking and Insurance, pursuant to N.J.S.A. 17:15A-30, et seq. to provide check cashing and other financial services.

1

2. Defendant Holder Construction Group, LLC is a well known construction company conducting business in New Jersey and throughout the US and maintaining headquarteres offices at 3300 Riverwood Parkway #1200, Atlanta, GA 30339.

3. Upon information and belief, defendant Holder Construction Group, LLC is conducting business as Holder-Leeper, JV in connection with a joint venture between Holder Construction, Edison Foard Inc., and R J Leeper Construction LLC.

4. On or about July 7, 2022, defendant issued Check No. 180 in the amount of $168,507.90 payable to a business entity identified as Modernus Walls LLC ("Modernus"), with an address at 10 East 34th Street, 2nd Fl., New York, NY 10016.

5. A duly redacted copy check No. 180 (hereinafter the "Check") is attached hereto as **Exhibit A**.

6. On July 20, 2022, an individual identified as Kenneth J. Brown, Jr., came to plaintiff's licensed check cashing establishment representing himself as an authorized representative of Modernus and presented the check for cashing.

7. At that time, a representative of Friendly Check Cashing placed a telephone call to Defendant in order to confirm and verify that the Check was payable, at which time he was directed to defendant's employee identified as Kristen Pratt.

8. During that telephone call plaintiff's representative informed Ms. Pratt that the check was being presented for cashing and requested that she verify that the Check was payable and that there was no "stop payment" or hold on the item. In response, Ms. Pratt verified that the check had been issued by defendant and was payable.

2

9. A few minutes later, Ms. Pratt called plaintiff's representative back and requested that a copy of the check be emailed to her. After the Check had been emailed to Ms. Pratt, she again called plaintiff's representative and confirmed to plaintiff that the check had been issued to Modernus Walls LLC and was payable.

10. In reliance on this information, Friendly Check Cashing cashed the check tendering the cash proceeds to the Modernus representative, minus a check cashing fee as permitted by New Jersey regulation.

11. Subsequently, following plaintiff's deposit of the Check with its bank, payment on the Check was denied due to a "stop payment" order placed by defendant.

12. Notwithstanding prior demands, defendant has failed and refused to remit payment on the Check to plaintiff Friendly Check Cashing Corp..

13. At the time the Check was presented to plaintiff Friendly Check Cashing Corp., it did not bear apparent evidence of forgery or alteration and was not otherwise so irregular or incomplete as to call into question its authenticity.

14. Moreover, at the time the Check was presented to plaintiff Friendly Check Cashing Corp., plaintiff specifically confirmed with defendant that the Check had been issued and that there was stop payment or hold placed on the Check.

15. Plaintiff is a holder in due course under applicable provisions of the Uniform Commercial Code, N.J.S.A. 3-302, et seq., having taken the Check for value, in good faith, without notice that the instrument had been forged or altered, and without notice of any defense or claim of recoupment on the part of any person and, therefore, is due payment from defendants in the amount of $168,507.90.

16. Under applicable provisions of the Uniform Commercial Code, defendant's "stop-payment" order does not discharge its obligation to make payment on the Check with respect to Friendly Check Cashing, which is a holder in due course.

17. By the actions alleged, defendant is liable to Friendly Check Cashing Corp. as a matter of law under applicable provisions of the Uniform Commercial Code for the full amount of the Check in the sum of $168,507.90, plus expenses, attorneys fees and costs of suit.

WHEREFORE, plaintiff Friendly Check Cashing Corp. Service Inc. demands judgment against defendant Holder Construction Group, LLC d/b/a Holder-Leeper JV for:

(a) One Hundred Sixty-Eight Thousand Five Hundred and Seven and 90/100 Dollars;

(b) pre- and post judgment interest;

(c) attorneys fees as permitted by the Uniform Commercial Code;

(d) costs of suit; and

(e) such other and further relief as the Court deems equitable and just.

## SECOND COUNT

**(Conversion)**

18. Plaintiff Friendly Check Cashing Corp. Service repeats and reiterates the allegations in all prior paragraphs as though set forth at length herein.

19. By and through their actions, defendant has exercised dominion or control over chattels and monies properly belonging to Friendly Check Cashing Corp. in a matter inconsistent with plaintiff's rights, and plaintiff has suffered damages as a result.

20. As a result of the foregoing, defendant is liable to plaintiff for conversion in the amount of $168,507.90.

4

WHEREFORE, plaintiff Friendly Check Cashing Corp. Service Inc. demands judgment against defendant Holder Construction Group, LLC d/b/a Holder-Leeper JV for:

(a) One Hundred Sixty-Eight Thousand Five Hundred and Seven and 90/100 Dollars;

(b) pre- and post judgment interest;

(c) attorneys fees as permitted by the Uniform Commercial Code;

(d) costs of suit; and

(e) such other and further relief as the Court deems equitable and just.

## THIRD COUNT

### (Unjust Enrichment)

21. Plaintiff Friendly Check Cashing Corp. repeats and reiterates the allegations in all prior paragraphs as though set forth at length herein.

22. By virtue of the actions described herein, defendant has received a benefit from Friendly Check Cashing Corp., the retention of which is unjust and inequitable, and plaintiff has been damaged as a result.

23. As a result of the foregoing, defendant is liable to plaintiff for unjust enrichment amount of $168,507.90.

WHEREFORE, plaintiff Friendly Check Cashing Corp. Service Inc. demands judgment against defendant Holder Construction Group, LLC d/b/a Holder-Leeper JV for:

(a) One Hundred Sixty-Eight Thousand Five Hundred and Seven and 90/100 Dollars;

(b) pre- and post judgment interest;

(c) attorneys fees as permitted by the Uniform Commercial Code;

(d) costs of suit; and

5

(e)     such other and further relief as the Court deems equitable and just.

<b><u>DESIGNATION OF TRIAL COUNSEL</u></b>

Pursuant to Rule 4:25-4, plaintiff hereby designates Scott K. McClain as trial counsel in this matter.

**MERLE BROWN & NAKAMURA, P.C.**
*Attorneys for Plaintiff,*
*Friendly Check Cashing Corp.*


By:  /s/  Scott K. McClain
         Scott K. McClain

Dated:  September 15, 2022

## **CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify as follows:

1.    The matter in controversy in the within action is not presently the subject of any other action pending in any other court or of a pending arbitration proceeding, and that no action or arbitration proceeding is contemplated;

2.    There is no other party who should be joined in this above action; and

3.    Confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance R. 1:38-7(b).

/s/ Scott K. McClain
Scott K. McClain

Dated: September 15, 2022

**Holder-Leeper, JV**
3300 Riverwood Pkwy, STE 1200
Atlanta, GA 30339

| Vendor: MODWAL50 | | MODERNUS WALLS LLC | | #: | 180 | Date: | JUL 07, 2022 |
|---|---|---|---|---|---|---|---|
| No. | Invoice | Inv Date | Description | | Invoice Amount | Deduction | Pay |
| 1 | 1-2369 | APR 30, 2022 | Job 2107800 Cont 2107800-008 CO 000 | | 187,231.00 | 18,723.10 | 168,507.90 |
| | | | | | | TOTAL: | 168,507.90 |

---

THE FACE OF THIS CHECK IS PRINTED BLUE - THE BACK CONTAINS A SIMULATED WATERMARK

**Holder-Leeper, JV**
3300 Riverwood Pkwy, STE 1200
Atlanta, GA 30339

Truist
Atlanta, GA

| Date | Number |
|---|---|
| JUL 07, 2022 | 180 |

64-10 / 610

ONE HUNDRED SIXTY-EIGHT THOUSAND FIVE HUNDRED SEVEN DOLLARS 90/100

$ ****168,507.90

PAY TO THE ORDER OF

MODERNUS WALLS LLC
10 EAST 34TH STREET 2ND FL
NEW YORK, NY  10016





MP

NON-NEGOTIABLE

BASICHEK®

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

WARNING: THE BACK OF THIS CHECK CONTAINS A SIMULATED WATERMARK. HOLD AT 45° ANGLE TO VIEW.